IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ORIGIN BANK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 25-0350-WS-B |
| | ) |
| **BRUCE CHRIS COPE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

The plaintiff has filed a "response to service order." (Doc. 8). After recounting various service attempts on the defendants, the response "seeks an order from the Court directing service of process by the Clerk of Court" as further set out. (*Id*. at 4). "A request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). The plaintiff's filing, submitted as a response rather than as a motion, does not comply with this requirement. The Court nevertheless deems the filing a motion for the relief stated.

The defendants are an individual ("Cope") and two limited liability companies ("LLC's") that, according to the complaint, each have Cope as their sole member. (Doc. 1 at 2). The plaintiff attempted service on all three defendants at Cope's residential address.

Under Rule 4(e)(2), a plaintiff may serve an individual defendant by delivering process to the individual personally or by leaving process at the defendant's dwelling with a person of suitable age and discretion residing therein. Under Rule 4(h)(1)(B), a plaintiff may serve an LLC by delivering process to an officer or relevant agent of the entity. The Alabama analogues of these rules provide similarly. Ala. R. Civ. P. 4(c)(1), (6). The plaintiff attempted, but did not accomplish, service under these rules.

Under Rules 4(e)(1) and 4(h)(1)(A), a plaintiff may also serve an individual or LLC by following the law of the forum state. Alabama law provides that, "[i]f service of

process is refused, and the certified mail receipt or the return of the person serving process states that service of process has been refused, the clerk shall send by ordinary mail [process] to the defendant at the address set forth in the complaint," and "[s]ervice shall be deemed complete when the fact of mailing is entered of record." Ala. R. Civ. P. 4(e). The plaintiff seeks service pursuant to this provision. (Doc. 8 at 4).

The plaintiff has submitted returns of service as to each defendant. Each is dated October 9, 2025,[1] and each states that "[s]ervice was refused on 09/29/2025." (Doc. 8-3 at 1-3). Even if this documentation were to satisfy the requirement of Alabama's Rule 4(e) that "the return of the person serving process stat[e] that service of process has been refused,"[2] the rule further requires that service in fact have been refused. It is clear that the plaintiff has made repeated attempts at service. It is not at all clear, however, that the defendants have "refused" service.

According to his affidavit, (Doc. 8-1), the plaintiff's first process server attempted service six times between September 5 and September 9. On each attempt, no one answered the door. There were some indications the house was generally occupied,[3] but the process server did not observe any occupant, much less interact with any occupant. Indeed, there were multiple signs that no one was inside the house at the times he was there.[4]

---

[1] All dates herein are 2025.

[2] *But see* discussion *infra*.

[3] Twice, business cards the process server had left at the front door were gone on his next visit. On his sixth and final visit, a shopping bag containing chocolate chip cookies and addressed to "Chris and Collette" was on the front door mat, and a food order was delivered and left on the front porch while the process server watched. On his first visit, there were trash cans by the curb but, by his third visit, they were in front of the garage and the grass had been cut.

[4] The process server asserts there were no vehicles at the house on his fourth and sixth visits, and he does not assert that any vehicle was there on any of his other visits. On his only nighttime visit, there were no lights on, inside or out.

According to his affidavit, (Doc. 8-2),[5] the plaintiff's second process server never attempted service. On September 16, he merely spoke with neighbors and a lawn care worker. On September 17, Cope texted the process server and asked him to leave the papers in the mailbox. On September 18, the process server responded that he had to personally deliver the papers. Cope did not respond to this or later texts, including a final one on September 29 saying the process server needed to speak with him.[6]

When service is attempted by certified mail, service is not refused for purposes of Alabama's Rule 4(e) merely because the certified mail is "unclaimed"; instead, the certified mail must be returned as unclaimed "because the defendant had refused to accept it." *John H. Peterson, Sr., Enterprises, Inc. v. Chaney*, 486 So. 2d 1307, 1308-09 (Ala. Civ. App. 1986); *accord Wise v. Siegel*, 527 So. 2d 1281, 1281-82 (Ala. 1988). This indicates that a defendant does not refuse service under Alabama's Rule 4(e) merely by failing to retrieve a certified mailing from the post office once notified of the mailing. Extrapolated to the context of personal service,[7] this would suggest that a defendant does not refuse service simply by failing to answer his door, especially absent evidence he knew that a process server stood on the opposite side. As noted, the plaintiff has not shown even that Cope was in the house on any of the first process server's visits. However, even if that were assumed, the plaintiff has not shown that Cope was aware

---

[5] The second process server presented three substantively identical affidavits, varying only as to the defendant against whom it is offered. The Court therefore considers only the first affidavit, submitted as to Cope.

[6] The plaintiff's rendition of the process server's affidavit, (Doc. 8 at 3), contains at least three inexplicable inaccuracies. First, the plaintiff says the neighbors "all" confirmed that Cope and his wife "were in" the house, when in fact the process server testified only that "multiple" neighbors confirmed that Cope "lives in" the house. (Doc. 8-2 at 2). Second, the plaintiff says the Copes leave the house "roughly every seven to ten days," when in fact the process server testified that neighbors reported they leave "maybe once a week," (*Id*.). Third, the plaintiff says the process server "observed that the door to the mailbox at the Cope Residence was open and that there was mail inside." Nothing remotely resembling this statement appears in the affidavit.

[7] There is little precedent applying Alabama's Rule 4(e) to personal service. Only two years ago, the appellate court in *Long v. Long*, 393 So. 3d 91 (Ala. Civ. App. 2023), was aware of no such precedent. *Id*. at 96.

3

that the person at his door was a process server. The process server does not say that he announced himself as such, and merely having his business card retrieved between visits could not establish that any future visitor was a process server -- especially given the evidence that others (food delivery services, friends with cookies, lawn care workers) frequented the house. The plaintiff, in short, has failed to show that the defendants have refused service for purposes of Alabama's Rule 4(e).

As hinted earlier, the plaintiff has also failed to provide a legitimate assertion from a process server that the defendants have refused service. The first process server attempted service six times, but there is no return from him, let alone one attesting that the defendants have refused service. The second process server asserts that the defendants refused service, but he could not possibly do so legitimately, since by his own affidavit he never attempted to effect service. He was admittedly aware that personal service was required, yet he did nothing but query neighbors and workers and then text Cope, neither of which constitutes a service attempt. The returns pinpoint the timing of the alleged refusal as September 29, (Doc. 8-3), a date on which all that happened was the process server texting Cope and "indicating that I needed to speak with him no later than 11:00 a.m." (Doc. 8-2 at 3). Cope did not reply to this text, (*id.*), but refusing to talk is not refusal to accept (unoffered) service.

For the reasons set forth above, the plaintiff's deemed motion for relief under Alabama's Rule 4(e) is **denied**.

DONE and ORDERED this 21st day of October, 2025.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE