# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **ORIGIN BANK,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 25-0350-WS-B |
| | ) |
| **BRUCE CHRIS COPE, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## ORDER

This matter is before the Court on the plaintiff's motion for an order extending the time for effecting service and directing service by the Marshal. (Doc. 13). The file reflects that the two entity defendants have as their sole member the individual defendant, meaning that all three defendants may be served together. The plaintiff has properly and repeatedly attempted personal service at the defendant's residential address, to no avail, despite numerous signs the house is actively occupied, despite the first process server making six separate service attempts and twice leaving his business card (retrieved by someone) at the front door, despite the second process server announcing his purpose and hearing a voice inside, and despite the individual defendant texting the second process server with a request that process be left in his mailbox at the residence (which would not qualify as good service). (Doc. 9; Doc. 13-1). The plaintiff has also attempted service by certified mail at the residence address, but the individual defendant has not claimed the mailings in over a month. (Doc. 13 at 2; Doc. 13-2).

"At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). When the plaintiff is authorized to proceed *in forma pauperis*, or as a seaman, the court "must so order." *Id*. Otherwise, as here, appointment is discretionary. *E.g., Koger v. Bryan*, 523 F.3d 789, 803 (7th Cir. 2008). As this Court has observed, that

discretion is largely if not completely confined to two situations:  when a breach of the peace is threatened, and when private service attempts reflect that service without the Marshal's assistance is "unfeasible."  *Brooks v. Knutson*, 2021 WL 7909396 at *1 (S.D. Ala. 2021).  The former circumstance is not in play, but the plaintiff's presentation persuades the Court that the defendants have rendered private service infeasible.

Because the complaint was filed on August 25, 2025, Rule 4(m) is implicated. The plaintiff requests an additional 90 days within which to effect service.  The Court agrees that, under the circumstances, the plaintiff should be given an extension of time but, given that the Marshal will be tasked with serving process, the Court does not perceive why such a long extension is necessary.

For the reasons set forth above, the motion for an order directing service by the Marshal is **granted**.  The Marshal is directed to serve the defendants.  It is the responsibility of the plaintiff to provide the Marshal with all necessary papers and funds. The motion for additional time is **granted in part**.  The plaintiff is **granted** through and including **January 26, 2026**, within which to serve the defendants and file proof of same, failing which this action will be dismissed without prejudice pursuant to Rule 4(m).  To the extent the plaintiff seeks different or additional relief, its motion is **denied**.

DONE and ORDERED this 11th day of December, 2025.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE