# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ORIGIN BANK,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 25-0350-WS-B |
| | ) |
| **BRUCE CHRIS COPE, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## ORDER

    The plaintiff filed this action almost six months ago, on August 25, 2025.[1] (Doc. 1). The defendants are an individual ("Cope") and two limited liability companies ("LLC's") of which Cope is said to be the sole member. Suit is brought for recovery under certain loans and guaranties; the demand exceeds $800,000.

    Summonses timely issued four days after suit was filed. (Doc. 3). All were returned unexecuted on September 30. (Docs. 5-7). On October 9, the plaintiff filed a motion for service by the Clerk via first class mail under Alabama Rule of Civil Procedure 4(e).[2] (Doc. 8). The plaintiff's submitted evidence indicated multiple unsuccessful attempts at personal service at Cope's residence. The Court denied the motion on October 21, on the grounds the plaintiff had failed to establish that Cope "refused" service within the contemplation of Alabama law. (Doc. 9).

    On November 3, the plaintiff sought and obtained alias summonses. (Doc. 11). On November 25, the Court ordered the plaintiff to show cause why the action should not be dismissed without prejudice pursuant to Rule 4(m). (Doc. 12). In response, the plaintiff on December 9 filed a motion for additional time and for service by the Marshal

---

    [1] Unless otherwise noted, all dates herein are 2025.

    [2] Resort to state methods of service is permitted by Federal Rules of Civil Procedure 4(e)(1) and 4(h)(1)(A).

pursuant to federal Rule 4(c)(3). (Doc. 13). The plaintiff's submitted evidence indicated additional attempts at personal service, as well as attempted service by certified mail at the same address. The Court granted the motion, extending the time to effect service by two months, through and including January 25, 2026. (Doc. 14). On December 16, the plaintiff filed returns showing multiple unsuccessful service attempts by the Marshal. (Doc. 17). Six weeks later, on the final day allotted for service, the plaintiff filed the instant motion. The plaintiff seeks service by the Clerk via first class mail or, in the alternative, service by publication, along with a second extension of time to effect service. (Doc. 18).

**I. Service by First Class Mail.**

Alabama law provides that, "[i]f service of process is refused, and the certified mail receipt or the return of the person serving process states that service of process has been refused, the clerk shall send by ordinary mail [process] to the defendant at the address set forth in the complaint," and "[s]ervice shall be deemed complete when the fact of mailing is entered of record." Ala. R. Civ. P. 4(e). For the second time, the plaintiff seeks service pursuant to this provision.

Most of what was said in the Court's order denying the plaintiff's previous iteration of this motion applies here. *Origin Bank v. Cope*, 2025 WL 2966883 (S.D. Ala. 2025). When service is attempted by certified mail, service is not refused for purposes of Alabama's Rule 4(e) merely because the certified mail is "unclaimed"; instead, the certified mail must be returned as unclaimed "because the defendant had refused to accept it." *John H. Peterson, Sr., Enterprises, Inc. v. Chaney*, 486 So. 2d 1307, 1308-09 (Ala. Civ. App. 1986); *cf. Wise v. Siegel*, 527 So. 2d 1281, 1281-82 (Ala. 1988) ("[T]he return of certified mail 'unclaimed' does not in and of itself constitute avoidance of service of process ...."). That a defendant does not refuse service within the contemplation of Alabama's Rule 4(e) by declining to retrieve a certified mailing from the post office after being notified of the mailing strongly indicates that a defendant does not refuse service by declining to answer a knock at his door. In the only known

Alabama case upholding service under Rule 4(e) after failed attempts at personal delivery, the process server attempted personal service on the defendant at his place of employment, but he "would not accept the service papers and had walked away," *Long v. Long*, 393 So. 3d 91, 93 (Ala. Civ. App. 2023), indicating there was direct contact between the two.

As discussed in the Court's previous order, the plaintiff's first process server visited Cope's residence six times within a few days in September. While there were indications that someone lived there, the process server never saw, heard, or spoke with anyone. *Origin Bank*, 2025 WL 2966883 at *1. The plaintiff's second process server made inquiries of neighbors and others, but he did not attempt to serve process at Cope's residence. *Id*. at *2. On this record, the Court ruled that "[t]he plaintiff, in short, has failed to show that the defendants have refused service for purposes of Alabama's Rule 4(e)." *Id*.

Since the Court's order, the plaintiff has attempted service several times. The second process server attempted service twice in late October. No lights were on and no one answered the door on his first attempt. On his second attempt, he heard someone speaking inside. He advised them he was there with court documents and asked them to please open the door, but no one did so. (Doc. 13-1). In early November, the plaintiff attempted service by certified mail addressed to Cope at his residence address; the mailings were returned, marked as unclaimed. (Doc. 18 at 2-3; Doc. 18-5). The Marshal attempted service at Cope's residence three times in mid-December. Each time, no one answered the door, although a package present on the doorstep at the time of the first attempt was gone several days later. (Doc. 17).

As should be evident, the foregoing does not demonstrate a refusal of service. The plaintiff, however, insists that it does. First, the plaintiff declares that the evidence it presented on its prior motion of itself establishes a refusal to accept service. (Doc. 18 at 2). Second, the plaintiff declares that the failure of anyone to answer the door after the process server announced he was there with court documents amounts to another refusal to accept service. (*Id*.). Third, the plaintiff declares that the disappearance of a package

3

from the doorstep between visits by the Marshal establishes yet another refusal to accept service. (*Id*. at 3). The plaintiff does not acknowledge the Court's reasoning or the cases (cited above) on which the Court's opinion was based. Nor does the plaintiff offer any reasoning or cases of its own. Simply insisting that a refusal occurred does not establish a refusal, no matter how often the *ipse dixit* is repeated (here, five times).[3]

The only service attempt meriting comment is the private process server's second October attempt. There is no evidence that the voice he heard was Cope's, or even that it was a man's voice.[4] There is no evidence that the owner of that voice heard and understood the process server, or even that the process server spoke in a voice loud and clear enough to be heard from the home's interior. Finally, the plaintiff has not demonstrated that declining to open the door of one's home is any more a refusal to accept service of process than is declining to retrieve a certified mailing from the post office.

## II. Service by Publication.

Alabama's Rule 4.3(c) permits service by publication "[w]hen a defendant avoids service," if certain conditions are met. In a single sentence unencumbered by analysis or legal authority, the plaintiff requests service by publication pursuant to this rule. (Doc. 18 at 4).

Among the conditions imposed by Rule 4.3(c) is the filing of "the affidavit required in subdivision (d)(1) of this rule." That rule provides in pertinent part as follows: "Before service by publication can be made in an action ... where the defendant avoids service, an affidavit of a party or the party's counsel must be filed with the court

---

[3] The plaintiff's motion also fails for the independently sufficient reason that, as on its prior motion, the plaintiff has submitted no certified mail receipt or process server's return validly "stat[ing] that service of process has been refused." Ala. R. Civ. P. 4(e).

[4] The process server asserts that Cope lives at the service address with his wife. (Doc. 18-2 at 2).

averring that service of summons or other process cannot be made because ... the defendant avoids service, averring facts showing such avoidance." Ala. R. Civ. P. 4.3(d)(1). The plaintiff has not submitted its own affidavit or that of its counsel, and that failure is fatal to its motion.[5]

There is at least one additional potential fatal flaw in the plaintiff's position. Rule 4.3(c) provides that a court may order service by publication "[w]hen a defendant avoids service *and* that defendant's present location or residence is unknown *and* the process server has endorsed the fact of failure of service and the reason therefor on the process." Ala. R. Civ. P. 4.3(c) (emphasis added). A number of sister courts have identified these as three separate, indispensable requirements of the rule,[6] and several have refused to allow service by publication because, even if the defendant was avoiding service, his or her location or residence was known.[7] There is no question that the plaintiff knows Cope's location and residence, since it insists he is physically residing at the address to which its service efforts have been directed. If these sister courts are correct,[8] such a

---

[5] The plaintiff has submitted affidavits from both its process servers, (Docs. 18-1 to -3), but Rule 4.3 does not recognize this procedure, and the plaintiff has not demonstrated, or even tried to demonstrate, that the identity of the affiant is legally inconsequential despite the language of the rule.

[6] *E.g., Casrell v. Tang*, 2026 WL 87294 at *2 (M.D. Ala. 2026) (Pate, M.J.); *Davis v. City of Selma*, 2025 WL 3033910 at *1 (S.D. Ala. 2025) (Bivins, M.J.); *Wheeler Brothers, Inc. v. Bing*, 2021 WL 6973870 at *3 (M.D. Ala. 2021) (Walker, M.J.); *Acosta v. Slocumb Law Firm, LLC*, 2018 WL 11399461 at *1 (M.D. Ala. 2018) (Capel, M.J.); *Fletcher v. Wilson*, 2017 WL 4167443 at *5 (N.D. Ala. 2017) (Proctor, D.J.); *Beasley v. United States*, 162 F.R.D. 700, 701 (M.D. Ala. 1995) (Albritton, D.J.).

[7] *Rubin Lublin LLC v. Bryant*, 2021 WL 12321339 at *2 (N.D. Ala. 2021) (Proctor, D.J.); *Alexander v. Hale*, 2018 WL 1157202 at *5 (N.D. Ala. 2018) (Coogler, D.J.); *American Indoor Football Association, Inc. v. Lockwood,* 267 F.R.D. 663, 667 (M.D. Ala. 2010) (Thompson, D.J.).

[8] Although the quoted language of Rule 4.3(c) supports the result in these cases, the state courts appear not to have directly resolved the issue. It would seem odd for the legislature to create a scheme under which a defendant could preclude effective service, whether by publication or by first class mail, simply by ignoring knocks at his door and notices of certified mailings. It would also seem odd, if both facts are mandatory, for the legislature to require an

defendant can never be served by publication pursuant to Rule 4.3(c), no matter how egregiously he avoids being served. The Court declines to resolve that legal issue, given the plaintiff's failure to address it and given the existence of independently sufficient grounds to deny its motion.

### III. Extension of Time.

Rule 4(m) establishes an expectation that service on a domestic defendant will be accomplished within 90 days after the complaint is filed. That milestone passed on November 24. On the plaintiff's motion (triggered by the Court's show-cause order), the Court extended the service deadline to January 26, 2026. The plaintiff now seeks a second such extension.

"[I]f the plaintiff shows good cause for the failure [to serve process], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Good cause exists "only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991). Absent good cause, the Court may, but need not, allow additional time. *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005); *accord Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281-82 (11th Cir. 2007). In determining whether to exercise its discretion to extend the time for service despite the lack of good cause, a court considers whether the defendant is evading service, whether he is concealing defects in service, and whether the statute of limitations will bar the re-

---

affidavit demonstrating avoidance of service but not the plaintiff's ignorance of the defendant's location or residence. Ala. R. Civ. P. 4.3(d)(1). Only the state courts can definitively resolve whether the defendant's location or residence must be unknown before service by publication based on avoidance is permissible, but there are indications they might reach a different conclusion than the federal courts. *See Marshall v. Mid-State Homes, Inc.*, 468 So. 2d 131, 132 (Ala. 1985) ("Since the defendant's residence was known, plaintiff could not serve Mid-State by publication unless it had avoided service of process."); *Brooks v. Brooks*, 494 So. 2d 645, 647 (Ala. Civ. App. 1986) ("It is quite reasonable to require service first by a method other than publication ... where the defendant is alleged to be avoiding service," but "[i]t is not reasonable or logical to require such service where the defendant's residence is unknown ....").

filing of the action should it be dismissed. *Horenkamp*, 402 F.3d at 1132; *accord Bilal v. GeoCare, LLC*, 981 F.3d 903, 919 (11th Cir. 2020).

The plaintiff argues that good cause exists because the defendants are evading service. (Doc. 18 at 4-5). As *Horenkamp* and other cases expressly provide, evasion of service does not establish good cause so as to make an extension of time mandatory; instead, it is a factor to consider when a court evaluates whether to grant a discretionary extension. The Court assumes for present purposes that the plaintiff has shown that the defendants are evading service.

The contracts made the basis of this action were entered in December 2024 and January 2025, (Doc. 1 at 3, 5), such that the statute of limitations would not bar refiling this action should it be dismissed under Rule 4(m). Nor are the defendants concealing defects in service.

The *Horenkamp* listing is "not an exhaustive list" of factors a court may consider. *Lepone-Dempsey*, 476 F.3d at 1282. The Court has indicated that a plaintiff's diligence *vel non* in pursuing service is a factor to be considered under Rule 4(m). *Prince Hotel, S.A. v. Blake Marine Group*, 858 F. Supp. 2d 1287, 1293 (S.D. Ala. 2012); *accord Grier v. Lee County Commission*, 2019 WL 919005 at *4 (M.D. Ala. 2019). On December 9, the plaintiff sought an extension of time within which to effect service. (Doc. 13 at 3). On December 11, the Court granted the plaintiff an extension of 46 more days within which to do so. (Doc. 14). The plaintiff's final service attempt occurred four days later, (Doc. 17); thereafter, and for 42 days, the plaintiff did not attempt to effect service, either by direct efforts or by seeking permission to serve process by other means. Even now, the plaintiff has done no more than file a perfunctory motion for service by first class mail or by publication. The plaintiff having squandered one lengthy extension of time, the Court is disinclined to grant another.

In any event, the plaintiff seeks only such an extension of time as is "commensurate with the relief granted." (Doc. 18 at 1, 5). Because the plaintiff is not entitled to service either by first class mail or by publication, the extension commensurate with the relief granted is none.

7

## CONCLUSION

For the reasons set forth above: the plaintiff's motion for service by first class mail is **denied**; the plaintiff's motion for service by publication is **denied**; and the plaintiff's motion for extension of time is **denied**. This action is **dismissed without prejudice** pursuant to Rule 4(m).

DONE and ORDERED this 19th day of February, 2026.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
